JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MARIAN L. MASSEY
Nevada Bar No. 14579
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
  *JDunn@GGTrialLaw.com*
  *MHale@GGTrialLaw.com*
  *MMassey@GGTrialLaw.com*

*Attorneys for Plaintiff Clara Hamilton*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CLARA HAMILTON, an individual, | Case No.: 2-24-cv-02378-GMN-DJA |
| Plaintiff, | **STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES** |
| v. | |
| BATTLEBORN MEDICAL MANAGEMENT, LLC, a Nevada limited liability company; and SAGEBRUSH HEALTH SERVICES, a Nevada nonprofit corporation, | **(FIRST REQUEST)** |
| Defendants. | |

Plaintiff Clara Hamilton ("Plaintiff"), by and through her counsel of record, Greenberg Gross LLP, and Defendants Battleborn Medical Management, LLC and Sagebrush Health Services ("Defendants") by and through their counsel of record, Whitehead & Whitehead PLLC, hereby stipulate and agree to extend the unexpired discovery deadlines for ninety days (90). This is the parties' first request for an extension to the Discovery Plan and Scheduling Order. (ECF No. 15).

/ / /

A.    **Discovery Completed to Date.**

To date, the parties have exchanged initial disclosures of documents and witnesses pursuant to FRCP 26(a)(1). Defendants have served one supplement to their FRCP 26 disclosures. Plaintiff also served Defendants written discovery on May 15, 2025, and responses and objections were received on June 16, 2025.  Defendants served Plaintiff written discovery on May 30, 2025. The parties are continuing to supplement disclosures and discovery responses in accordance with the rules of civil procedure.

B.    **Discovery Which Still Needs to Occur.**

Plaintiff intends to take an FRCP 30(b)(6) deposition and depositions of Defendant's current and former employees identified in Defendant's FRCP 26 disclosures and supplements thereto. Plaintiff will likely conduct additional written discovery following said depositions.

Defendant intends to depose Plaintiff and the physicians who submitted documentation to support and/or certify her various FMLA leave requests. Defendant also intends to subpoena records from and depose the other employer(s) that Plaintiff was working for at the time of the events described in her Complaint.  Defendant will likely also need to obtain Plaintiff's medical records via subpoena.  The parties may conduct expert witness discovery and serve third-party subpoenas for documents and to depose other witnesses. Further, the parties intend to exchange further written discovery and documents.

C.    **Proposed Schedule for Completing Remaining Discovery.**

1.    **Fed R. Civ. P. 26(a)(2) Disclosures (Experts)** – the current deadline for disclosures of expert witnesses, July 24, 2025,  shall be extended ninety (90) days to Wednesday, **October 22, 2025**.  The August 25, 2025, deadline of disclosures of any rebuttal experts shall be extended ninety-one (91) days to Monday, **November 24, 2025** (as the 90th day falls on a Sunday).

2.    **Discovery Cut-Off Date** – the current discovery cut-off date, September 22, 2025,  shall be extended ninety (90) days to Monday, **December 22, 2025** (as 90th day falls on a Sunday).

3.    **Dispositive Motions** – the current dispositive motions deadline, October 22, 2025, shall be extended to ninety (90) days to Tuesday, January 20, 2025.

STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER
DEADLINES (FIRST REQUEST)

4.    **<u>Pretrial Order</u>** – if no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of the dispositive motions, which is Thursday, **February 19, 2026**. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dipositive motions or by further order of the Court.

**D.    Good Cause Supports the Request to Extend the Deadlines as Set Forth Herein.**

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). See *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992); see also Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.,* 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson,* 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999).* Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC,* 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Id.*

Good cause supports the parties' request to extend the Discovery Cut-Off, Expert Disclosures, Dispositive Motions, and Pretrial Order Deadlines. The parties continue to engage in discovery and intend to conduct significant discovery following the Early Neutral Evaluation ("ENE"), which was recently set to be conducted on July 11, 2025. *See* ECF No. 17.  The parties are hopeful they may be able to resolve the dispute during the conference and seek an extension to the discovery deadlines to allow the parties to engage in confidential settlement discussions before

-3-

1    expending significant funds to conduct discovery.  Considering the foregoing, the parties are unable
2    to complete depositions, expert and written discovery before the original discovery deadline.
3           The Parties submit that these circumstances satisfy the required good cause in extending the
4    deadlines referenced above.
5           The Parties hereby stipulate to the aforementioned.
6
7
8    _/s/ Marian L. Massey_
     JEMMA E. DUNN                              JONATHAN J. WHITEHEAD
     Nevada Bar No. 16229                       Nevada Bar No. 4415
9    MATTHEW T. HALE                            10389 Double R Blvd.
     Nevada Bar No. 16880                       Reno, Nevada 89521
10   MARIAN L. MASSEY
     Nevada Bar No. 14579
11   1980 Festival Plaza Drive, Suite 730       *Attorneys for Defendants*
     Las Vegas, Nevada 89135
12
13   *Attorneys for Plaintiff*
14
15
16                                              **ORDER**
17                                              IT IS SO ORDERED:
18
19                                              _____
20                                              UNITED STATES MAGISTRATE JUDGE
21                                              DATED:___7/2/2025_____
22
23
24
25
26
27
28
                                    -4-
                STIPULATION AND ORDER TO EXTEND DISCOVERY SCHEDULING ORDER
                              DEADLINES (FIRST REQUEST)