1

2  JONATHAN J. WHITEHEAD, ESQ.
   Nevada Bar No. 4415
3  Whitehead & Whitehead PLLC
   10389 Double R Blvd.
4  Reno, Nevada 89521
   (775) 823-7700
5  jonathan@jjwhitehead.com

6

7  Attorneys for Defendants

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF NEVADA

10  CLARA HAMILTON,

11                    Plaintiff,              Case No.:  2:24-cv-02378-GMN-DJA

12  vs.

13  BATTLEBORN MEDICAL                        **AMENDED STIPULATION AND**
    MANAGEMENT LLC, a Nevada limited         **ORDER TO EXTEND DISCOVERY**
14                                            **SCHEDULING ORDER DEADLINES**
    liability company; SAGEBRUSH
15  HEALTH SERVICES, a Nevada nonprofit       **(SECOND REQUEST)**
    corporation,
16

17                    Defendants.

18

19        Defendants' Battleborn Medical Management LLC, and Sagebrush Health Services,

20  ("Defendants") by and through their counsel of record, Whitehead & Whitehead PLLC and

21  Robison Sharp Sullivan & Brust, and Plaintiff Clara Hamilton ("Plaintiff") by and through its

22  counsel of record, Greenberg Gross LLP, hereby stipulate and agree to extend the unexpired

23  discovery deadlines for ninety days (90). This is the parties' second request for an extension to

24  the Discovery Plan and Scheduling Order. (ECF No. 15).

25

26        **A.    Discovery Completed to Date**

27        To date, the parties have exchanged initial disclosures and witnesses pursuant to FRCP

28  26(a)(1). Defendants have served six supplements to their FRCP 26 disclosures. Plaintiff has

WHITEHEAD & WHITEHEAD PLLC
10389 DOUBLE R BLVD.
RENO, NV 89521
(775) 823-7700

served two supplements to their FRCP 26 disclosures.  Plaintiff served Defendants with initial written discovery on May 15, 2025, and responses and objections were received on June 16, 2025.  The parties have also sent and/or served subpoenas for records.

The parties have served interrogatories and document requests as follows:

- On May 15, 2025, Plaintiff served a set of request for production on Defendant Battleborn Medical Management, LLC and a set on Defendant Sagebrush Health Services.  Defendant served their responses on June 16, 2025;

- On May 30, 2025, Defendant Battleborn Medical Management, LLC served its first set of interrogatories on Plaintiff.  On May 30, 2025, Defendants served their first set of requests for production of documents on Plaintiff.  On July 14, 2025, Plaintiff served her answers to the interrogatories and responses to the document requests;

- On July 30, 2025, Plaintiff served her first set of interrogatories to Defendant Battleborn Medical Management, LLC and a set on Defendant Sagebrush Health Services.  On September 17, 2025, Defendants served their answers to said interrogatories.

- On August 28, 2025, Plaintiff served her second set of requests for production to Defendant Battleborn Medical Management, LLC.  On September 29, 2025, Defendant served its responses to said document requests.

Finally, the parties have taken depositions.  On August 21, 2025, Plaintiff deposed Dr. Angeline Prabhu, and on October 2, 2025, Plaintiff deposed Mithila Urs, the HR Director for Defendant Battleborn Medical Management, LLC.  On October 13, 2025, Defendants deposed Plaintiff Clara Hamilton.

**B.  Discovery Which Still Needs to Occur**

The parties still need to conduct depositions of various witnesses, including former and current employees of Defendant Battleborn Medical Management, medical providers and witnesses related to Plaintiff's claimed damages.  Defendants contend that they have not completed the deposition of Plaintiff.  The parties are meeting and conferring about the extent of

time necessary to complete her deposition.

The parties will also conduct expert witness discovery and serve third-party subpoenas for documents and to depose other witnesses. Further, the parties intend to exchange further written discovery and documents.

**C.    Proposed Schedule for Completing Remaining Discovery**

1.    **Ded R. Civ. P. 26(a)(2) Disclosures (Experts)** – the current deadline for disclosures of expert witnesses, October 22, 2025, shall be extended ninety (90) days to Tuesday, **January 20, 2026.** The November 24, 2025 deadline of disclosures of any rebuttal experts shall be extended ninety-one (91) days to Monday, **February 23, 2026** (as the 90th day falls on a Sunday).

2.    **Discovery Cut-Off Date** – the current discovery cut-off date, December 22, 2025, shall be extended ninety-one (91) days to Monday, **March 23, 2026** (as the 90th day falls on a Sunday).

3.    **Dispositive Motions** – the current dispositive motions deadline, January 20, 2026, shall be extended ninety (90) days to Monday, **April 20, 2026.**

4.    **Pretrial Order** – if no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of the dispositive motions, which is Wednesday, **May 20, 2026.** In the event dispositive motions are filed, the date for filing a Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dispositive motions or by further order of the Court.

**D.    Good Cause Supports the Request to Extend the Deadlines as Set Forth Herein**

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). See *Johnson v. Mammoth*

WHITEHEAD & WHITEHEAD PLLC
10389 DOUBLE R BLVD.
RENO, NV 89521
(775) 823-7700

3

*Recreations, Inc.* 975 F.2d 604, 608 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Ligit.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012) "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation." *Id.*

The parties submit that good cause exists for the following reasons:

First, through no fault of the parties, the Early Neutral Evaluation ("ENE") had to be rescheduled. The evaluating Magistrate scheduled the ENE for July 11, 2025. However, on the morning of the ENE, the evaluating Magistrate advised the parties that it had to be rescheduled due to a family emergency. The evaluating Magistrate rescheduled the ENE for September 12, 2025. Once again, shortly after meeting with the defense, the evaluating Magistrate informed the parties that the ENE had to be rescheduled because of a family emergency. There were no offers exchanged, and the ENE was set to again be rescheduled.[1]  However, due to a dispute as

---

[1] The parties recognize that evaluating Magistrate issued a minute order stating offers were exchanged but, respectfully, they disagree.

WHITEHEAD & WHITEHEAD PLLC
10389 DOUBLE R BLVD.
RENO, NV 89521
(775) 823-7700

to whether Defendants' corporate counsel could attend the ENE, the evaluating Magistrate vacated any continued ENE.  The purpose of the ENE is "for the evaluating magistrate judge to give the parties a candid evaluation of the merits of their claims and defenses during the initial stages of the case in an effort to resolve the case and avoid or reduce costs and fees incurred." *Anoruo v. Valley Health Sys., LLC*, 2018 WL 2370685, at *4 (D. Nev. May 24, 2018); *see also* LR 16-6(a).  Accordingly, the parties were mindful of the discovery conducted before the ENE was completed.

Secondly, this case involves a significant number of claims.  Plaintiff's Complaint contains 15 Claims for Relief and 195 paragraphs of allegations.  Plaintiff seeks substantial damages, including compensatory, punitive damages and an award of her costs and attorney's fees.  The allegations span a significant time frame of when she claims she was employed by Defendants, from August of 2022 through April of 2024.  Her Complaint contain serious allegations of racial discrimination, violation of the federal and state employment statutes, harassment and retaliation.  The Complaint further involves issues of Plaintiff's medical conditions which she was suffering from during her employment and her alleged emotional distress which she claims she suffered during and after her employment.  To date, the parties have produced over 2000 pages of documents.

Thirdly, Plaintiff has identified 21 witnesses in her FRCP 26(a) disclosures.  This includes current and former employees of Defendant Battleborn Medical Management, LLC, including, medical doctors. Defendants have identified 15 witnesses, several of which were not identified by Plaintiff.  The parties anticipate there are additional witnesses that will be disclosed through discovery.

Fourthly, the parties are in the process of scheduling the deposition of Carissa Bernal-

WHITEHEAD & WHITEHEAD PLLC
10389 DOUBLE R BLVD.
RENO, NV 89521
(775) 823-7700

1

2 Hernandez, one of Plaintiff's managers, for early December, 2025. Ms. Bernal-Hernandez

3 resides in California. The parties are also seeking to take the depositions of other former

4 employees and other percipient witness, including, but not limited to Stacey Jackson, Brajean

5 Williams, Plaintiff's husband, and several of Plaintiff's medical providers. However, the former

6 employees will need to located and subpoenaed.

7

8 Fifthly, the parties have been meeting and conferring over written discovery disputes,

9 seeking to avoid the filing of motions to compel. To date, they have held two meet and confers.

10 Sixth, attorney Jonathan Whitehead, lead counsel for Defendants, will be out of the

11 country from November 4, 2025 through November 13, 2025 because he is competing in the

12 Ironman 70.3 World Championships. To compete in the Ironman 70.3 World Championships,

13 athletes must qualify by earning a limited slot at a prior 70.3 race based upon his/her placement

14 in their respective age-groups. Attorney Whitehead earned his slot on May 10, 2025 and had to

15 pay for it the same day.

16

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28

WHITEHEAD & WHITEHEAD PLLC
10389 DOUBLE R BLVD.
RENO, NV 89521
(775) 823-7700

6

1

2          Finally, counsel for the parties have busy schedules with all of their other cases.

3          The parties hereby stipulate to the aforementioned.

| DATED this 21ˢᵗ day of October, 2025 | DATED this 21ˢᵗ day of October, 2025 |
|---|---|
| GREENBERG GROSS LLP | WHITEHEAD & WHITEHEAD PLLC |
| _/s/ Marian L. Massey_ | _/s/ Jonathan J. Whitehead_ |
| Jemma E. Dunn | Jonathan J. Whitehead, Esq. |
| Nevada Bar No. 16229 | Nevada Bar No. 4415 |
| Matthew T. Hale | jonathan@jjwhitehead.com |
| Nevada Bar No. 16880 | 10389 Double R Blvd |
| Marian L. Massey | Reno, NV 89521 |
| Nevada Bar No. 14579 | |
| _JDunn@GGTrialLaw.com_ | In association with: |
| _PHorlacher@GGTrialLaw.com_ | |
| _MMassey@GGTrialLaw.com_ | Michael E. Sullivan, Esq. |
| 190 Festival Plaza Drive, Suite 730 | ROBISON, SHARP, SULLIVAN & BRUST |
| Las Vegas, Nevada 89135 | 71 Washington Street |
| | Reno, NV 89503 |
| | (775) 329-3151 |
| | _msullivan@rssblaw.com_ |

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 10/22/2025

1

2

3 **CERTIFICATE OF SERVICE**

4      I hereby certify that I am an employee of the Law offices of Whitehead & Whitehead

5 PLLC and that on this date, I served the foregoing *AMENDED STIPULATION AND ORDER*

6 *TO EXTEND DISCOVERY SCHEDULING ORDER DEADLINES (SECOND REQUEST)*,

7 on the party(ies) set forth below via electronic service by email addressed as follows:

8
     Jemma Dunn, Esq.
9    Philip A. Horlacher, Esq.
     Marian L. Massey, Esq.
10   GREENBERG GROSS LLP
     1980 Festival Plaza Drive, Suite 730
11   Las Vegas, NV 89135
     (702) 777-0888
12   *JDunn@GGTrialLaw.com*
     *PHorlacher@GGTrialLaw.com*
13   *MMassey@GGTrialLaw.com*
14
     Michael E. Sullivan, Esq.
15   ROBISON, SHARP, SULLIVAN & BRUST
     71 Washington Street
16   Reno, NV 89503
     (775) 329-3151
17   *msullivan@rssblaw.com*
18

19      DATED this 21st day of October, 2025.

20                                          /s/ Leslie Morin
                                            Leslie Morin
21                                          Assistant to Jonathan Whitehead, Esq.

22

23

24

25

26

27

28

WHITEHEAD & WHITEHEAD PLLC
10389 DOUBLE R BLVD.
RENO, NV 89521
(775) 823-7700